IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MICHAEL RYAN and TIMI RYAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:10-cv-01134 |
| ) | Judge Nixon |
| ALLSTATE PROPERTY AND ) | Magistrate Judge Griffin |
| CASUALTY COMPANY, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## ~~JOINT INITIAL CASE MANAGEMENT PLAN AND ORDER~~

As required by Local Rule 16.01 *et seq.*, the parties have conferred and discussed the issues enumerated in Local Rule 16.01(d)(1)(c) and (d)(2) in anticipation of the initial case management conference to be held on Monday, January 10, 2011 at 12:00 Noon before Magistrate Judge Juliet E. Griffin, 801 Broadway, Courtroom 764, Nashville, Tennessee.

This Initial Case Management Plan and Order contains the theories, claims and defenses, and positions regarding settlement of the Plaintiffs Michael Ryan ("Mr. Ryan") and Timi Ryan ("Ms. Ryan") (together, the "Plaintiffs") and the Defendant Allstate Property and Casualty Corporation ("Allstate").

Allstate has denied all claims and anticipates that a dispositive motion(s) will be necessary.

1. ~~STATUS OF SERVICE OF PROCESS; RESPONSIVE PLEADINGS.~~

Plaintiffs commenced this action on October 27, 2010 by filing a Complaint in the Circuit Court of Wilson County, in Lebanon, Tennessee. On December 2, 2010, Defendant filed a Notice of Removal and removed the action to this Court. Plaintiffs

1

have served Defendant and Defendant has answered. Defendant has pled as a defense that it is not the proper party and has indicated that the proper party is Allstate Property and Casualty Company.

Plaintiffs agree that Allstate Property and Casualty Company is the proper party that should have been named in the Complaint. Defendant has agreed to allow Plaintiffs to amend their Complaint to dismiss Allstate Insurance Company and substitute Allstate Property and Casualty Company as Defendant in its stead. No further service of process will be necessary and the parties agree that the Answer filed by the original defendant shall suffice as the responsive pleading filed on behalf of the new Defendant, Allstate Property and Casualty Company.

## 2. JURISDICTION AND VENUE.

Defendant has invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). No party disputes this Court's jurisdiction or venue.

## 3. THE PARTIES' BRIEF THEORIES, CLAIMS AND DEFENSES.

### A. Plaintiffs' Theories, Claims and Defenses.

Plaintiff Michael Ryan is a disabled homeowner whose residence was burglarized and his possessions stolen, and who sought only the benefit of the bargain that he struck with the Defendant to compensate him and his daughter, Timi Ryan, who lived with him in his home, for their losses. Ms. Ryan joins her father as a plaintiff in this litigation

because she resided in her father's home and her personal property was also taken in the burglary, as described in more detail below.

Mr. Ryan owns a house and lot located at 2853 Meadow Glen, Mount Juliet, Tennessee 37122, at which he resides (the "Residence"). Defendant insured Mr. Ryan's Residence against loss or injury from general perils named in the body of the policy of insurance issued to Mr. Ryan under Policy Number 955413960 08/08, with a policy term from August 8, 2009 to August 8, 2010. Defendant also named specific perils which the above-identified policy of insurance covered. Specifically, Defendant insured Mr. Ryan against and covered losses to the dwelling house of the named insured for loss of contents or personal property belonging to Mr. Ryan or his family members within the dwelling house by reason of theft.

On February 17, 2010, Plaintiffs experienced a burglary and theft of personal property that was located within the Residence and covered under the policy of insurance issued by Defendant. Plaintiffs reported the burglary and theft to both the police and the Defendant, although the Defendant has denied the claim for unsound reasons.

Defendant denied the claim of Plaintiffs on the purported basis that Mr. Ryan did not "reside" in the dwelling house at the time of the loss and therefore the personal property loss experienced by him and Ms. Ryan was not covered under the family coverage provision of the policy. Plaintiffs have an overwhelming body of evidence showing that the Residence is Mr. Ryan's permanent place of residence and that he stays there primarily. Mr. Ryan occasionally spends the night with his elderly sister to assist her in caring for her 89-year old husband or when he plans to help his nephew open his

hot dog stand, which requires him to be present in downtown Nashville on or before 5:00 a.m.

Mr. Ryan is the titled owner of the Residence, receives his mail (including correspondence from federal agencies such as the IRS), pays the mortgage payments and all utility bills addressed to him at the Residence, and is recognized as the owner/occupant and resident of the Residence by his neighborhood's home owners' association, which bills him at the insured address.

Plaintiffs acknowledge that Mr. Ryan's response to a question, both under oath and not under oath, indicated that he did not live at the Residence. However, Mr. Ryan's response is not determinative of either residence or domicile. Mr. Ryan suffers from mild dementia with the attendant compromised powers of cognition and neither understood nor accurately answered the questions posed by counsel for the Defendant. Plaintiffs would show that the policy of insurance under which Defendant issued but denied coverage contains no requirement for the insured to be present or sleeping in the house when the loss occurs. Nor does the policy enunciate any stated length of time that an insured must physically occupy the Residence in order for coverage to be effective. Although Mr. Ryan performed all conditions precedent to his right of recovery under the said policy of home owner liability insurance, the Defendant has failed and refused to make payment to the Plaintiffs.

The failure of the Defendant to pay the Plaintiffs under the policy is and has been without sufficient legal justification, and the payment has been withheld from the Plaintiffs in bad faith, which has necessitated the Plaintiffs incurring the expense of hiring an attorney, filing the instant litigation, and other expenses. Accordingly,

Defendant owes the Plaintiffs, in addition to the amount of the covered losses under the policy of insurance, an additional amount equal to twenty-five percent (25%) of the face amount of the policy limit for loss such as the Plaintiffs have experienced, pursuant to Tenn. Code Ann. § 56-7-105.

B. Defendant Allstate's Theories, Claims and Defenses.

Allstate Property and Casualty Insurance Company ("Allstate") insured the premises of Michael Ryan for his home on 2853 Meadow Glen Drive in Mount Juliet, Tennessee under Policy Number 95541396008/08 from August 8, 2009 through August 8, 2010. On February 17, 2010, Mr. Ryan's daughter Timi Ryan, reported a burglary at the house, and filed a claim for the items she claimed were stolen. Following this loss, Ms. Ryan's claim was investigated by Allstate.

During the investigation, the named insured, Michael Ryan informed the investigating adjuster that he did not actually reside at 2853 Meadow Glen Drive, but instead lived at 1658 Eagle Trace Drive with his sister for a couple of years. Later, during his examination under oath, Mr. Ryan again explained to the examiner that he did not live in the house and had not lived in the house for a year, moving to his sister's home after an altercation with Ms. Ryan's prior boyfriend.

The homeowner's policy requires that the insured apprise Allstate of any changes in residence, as the same directly affects the perils insured against. Mr. Ryan did not do so, even after the policy was renewed in August of 2009. Because Mr. Ryan did not reside at the home and had not resided at the home since March of 2009, he no longer lived on the resident premises. By implication, Ms. Ryan, was no longer a resident relative and therefore was not covered under the policy for any burglary losses. A letter

to this effect was sent to Mr. Ryan on May 17, 2010 explaining that no coverage was afforded due Mr. Ryan's departure from the premises. All other defenses and policy provisions are reserved.

Based on the sworn testimony of both Michael and Timi Ryan, Mr. Ryan did not reside at the premises and had not for some time, forfeiting coverage under the requirements of the policy. Further, Allstate asserted a reverse claim for the Tennessee Consumer Protection Act and reverse bad-faith based on the sworn testimony of Mr. Ryan and Timi Ryan regarding Mr. Ryan's residency.

**4. ISSUES RESOLVED AND ISSUES STILL IN DISPUTE.**

Other than jurisdiction, venue, and substitution of the Defendant, no issues have been resolved. All other issues remain in dispute.

**5. INITIAL DISCLOSURES.**

As required by Fed. R. Civ. P. 26(a)(1)(C), all parties shall make their initial disclosures on or before March 4, 2011.

**6.** ~~DISCOVERY~~.

    A. ~~Discovery Deadlines~~.

        1. Discovery Deadlines.

The parties shall have completed written discovery on or before June 15, 2011. The parties shall complete all depositions of fact witness on or before July 15, 2011.

There shall be no stay of discovery pending resolution of any motions, including dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

The parties expect to reach an agreement regarding how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply in this case.

B. Motions to Amend.

All Motions to Amend to amend the pleadings shall be filed on or before April 15, 2011.

C. ~~Experts~~.

Plaintiffs shall designate any expert witness to testify on their behalves and provide the information required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by June 1, 2011. Defendant shall designate any expert witness to testify on its behalf and provide the information required under Rule 26(a)(2) by July 1, 2011. Depositions of all expert witnesses shall be concluded by August 1, 2011.

7. JOINT MEDIATION REPORT.

The parties shall file a Joint Mediation Report by August 15, 2011.

8. DISPOSITIVE MOTIONS.

Any dispositive motions shall be filed by August 30, 2011. Responses to dispositive motions shall be filed within 21 days after the filing of the motion. Optional replies may be filed within 14 days after the filing of the response.

9. SETTLEMENT.

A. <u>Plaintiffs' position</u>.

The parties have not engaged in settlement discussions. Plaintiffs are optimistic regarding the prospects of settlement with Defendant. Plaintiffs will entertain meaningful settlement proposals from Defendant at any time.

B. <u>Defendant Allstate's position</u>.

The Parties have not engaged in settlement discussions. Allstate is not opposed to settlement discussions.

10. **TRIAL DETAILS.**

Plaintiffs expect the trial to last approximately two (2) days. The Court will enter a separate Order setting the trial date and related deadlines.

It is so ORDERED.

_____
Juliet E. Griffin
UNITED STATES MAGISTRATE JUDGE


AGREED TO AND SUBMITTED FOR ENTRY BY:


/s/ Phillip D. Barber
Phillip D. Barber, (BPR # 003371)
201 4th Avenue N., Suite 1700
Nashville, TN 37219
(615) 562-1950 (o)
(615) 250-0570 (f)
pdbarber@comcast.net

*and*

/s/ Jennifer A. Lawson
Jennifer A. Lawson (BPR # 014937)
Lawson Law Office, PLLC
343 Harrison St.
Nashville, TN 37219
(615) 847-5350 (o)
(615) 847-5351 (f)
jlawson@lawsonlawoffice.com

*Counsel to Plaintiffs Michael Ryan and Timi Ryan*


/s/ Jay R. McLemore
Jay R. McLemore (BPR #026727)
Wilkins Tipton, P.A.
The Parklane Building
5200 Maryland Way, Suite 301
Brentwood, TN 37027
Nashville, TN 37212-2901
(615) 661-7820 (o)
(615) 661-7236 (f)
jmclemore@wilkinstipton.com
*Counsel to Defendant Allstate Property and Casualty Company*